MINERVA A. HOLLY *et al.*

*v.*

S. R. POWELL.

1. PRACTICE IN CHANCERY—*upon allowing exceptions to sufficiency of answer.* The statute is imperative, if an answer is adjudged insufficient on exceptions filed, that the defendant must be ruled to answer further before the cause can be set down for a hearing.

2. So, in a suit to foreclose a mortgage, where, upon allowing exceptions filed by complainant to defendant's answer, the court entered a decree of foreclosure, it was *held,* the decree was premature—that the defendant should have been ruled to put in a sufficient answer.

3. SAME—*exceptions to answer—waiver as to its character as such.* And it was too late, upon appeal by the defendant to this court, for the complainant to urge that the paper put in by the defendant as an answer was no answer, as he had treated it as an answer by taking exceptions to it as the statute required.

APPEAL from the Circuit Court of Scott county ; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. CHAPMAN & HENDERSON, for the appellants.

Mr. N. M. KNAPP and Mr. JAMES M. RIGGS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The point made on this record raises a question of practice in chancery, and which must be determined by our statute in relation to practice in chancery.  R. S. 1845, Ch. 21.

The suit was a bill in chancery to foreclose a mortgage, and an answer by defendant.  To the answer complainant filed exceptions, which were allowed, and a decree of foreclosure thereupon entered.

The point is made by appellants that this was not correct practice, and not in conformity with the statute.

Section 23 of chapter 21, title "Chancery," R. S. 1845, provides where an answer shall be adjudged insufficient, the defendant shall file a further answer, within such time as the court shall direct, and on failure thereof, the bill shall be taken as confessed. If such further answer shall be likewise adjudged insufficient, the defendant shall file a supplemental answer, and pay all costs attendant thereon. If that shall be adjudged insufficient, the defendant may be proceeded against for a contempt, and the like proceedings be had thereon to enforce the order of the court as in other cases of contempt.

In *Supervisors of Fulton County* v. *The Mississippi and Wabash R. R. Co.* 21 Ill. 338, this court said: "The further answer we understand to mean a formal answer, specially directed to the matters excepted to, and to supply the deficiencies of the first answer; and the party excepting must state particularly such parts of the bill as he conceives are not fully answered, and ask that the defendant may, in such respect, put in a full answer to the bill."

The statute is imperative, if an answer is adjudged insufficient on exceptions filed, the defendant must be ruled to answer further before the cause can be set down for a hearing. *Stone et al.* v. *Moore et al.* 26 Ill. 165.

It is too late now for the appellee to say that the paper filed as an answer was no answer. He treated it as an answer by taking exceptions to it as the statute required.

We are of opinion the decree was premature on allowing the exceptions. The defendant should have been ruled to put in a sufficient answer.

For this error, the decree is reversed and the cause remanded.          *Decree reversed.**

---

*MINERVA A. HOLLY *et al.* v. S. R. POWELL.

APPEAL from the Circuit Court of Cook county.

Mr. Justice BREESE:

This case is, in all respects, like the next preceding case, and is decided in the same way.

The decree is reversed and the cause remanded.          *Decree reversed.*