## JACOB GLOS

*v.*

## HENRY S. DIETRICH.

*Opinion filed June 19, 1907.*

1. PLEADING—*when exceptions to insufficient answer are not necessary.* By obtaining leave to file a sworn answer after a motion has been made to strike his unsworn answer from the files, the defendant, in effect, confesses the motion, and cannot urge on appeal that exceptions should have been filed to the unsworn answer.

2. SAME—*when court may strike answer from files without exceptions.* Where a motion is made to strike an unsworn answer from the files and the defendant obtains leave to file a sworn answer instanter, to which exceptions are made and sustained, if the defendant again files an unsworn answer the court may strike it from the files upon motion, without exceptions being made.

3. SAME—*answer filed without leave after rule has expired may be stricken from files.* An answer filed without leave after the time allowed by the court for filing a sufficient answer has expired may be stricken from the files.

4. SAME—*defendant cannot be required to pay solicitor's fee to complainant before filing answer.* Under section 22 of the Chancery act, if the defendant has filed two insufficient answers he may be required, as a condition precedent to filing a third answer, to pay all costs attending the same, and if such answer is insufficient he may be proceeded against for contempt, but he cannot be compelled, as a condition precedent to filing an answer, to pay the complainant a reasonable solicitor's fee.

APPEAL from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

A. D. GASH, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a bill in chancery filed in the superior court of Cook county on June 30, 1906, by the appellee, against the appellant, to set aside two tax deeds as clouds upon his title to certain real estate located in the city of Chicago, on the ground that said tax deeds were void by reason of the failure of the appellant to comply with the statute in causing to be issued said tax deeds. The bill did not waive the oath. The appellant, however, on August 6, 1906, filed an unsworn answer, and the appellee made a motion to strike the answer from the files, whereupon the appellant asked and was granted leave to file, and on September 15, 1906, filed, an amended answer, which was signed and sworn to by the appellant, to which answer exceptions were sustained on September 29, 1906, and leave was given to the appellant to file a further answer within ten days. The appellant, on October 9, 1906, filed a third answer, which was signed by the appellant and sworn to by the attorney for the appellant. Thereafter appellee notified appellant, in writing, that he would on the 13th day of October move the court to strike from the files the answer filed October 9 for the reason that it was not sworn to by the defendant, and that he would move for a default against the defendant and a decree *pro confesso.* On said 13th day of October, 1906, the parties appeared before the court, and appellee moved that the answer of October 9 be stricken from the files because not sworn to by appellant. Counsel for the appellant thereupon stated to the court that appellant had already filed another answer sworn to by him in lieu of the one filed October 9 and which appellee was asking to have stricken from the files. The motion of appellee to strike the answer filed October 9 from the files was allowed because it was not sworn to, and a further motion to strike from the files the answer filed October 13 was allowed on the ground that it

was not filed in pursuance of any leave of the court. The record then reads: "And the defendant was given until November 5 to bring in and present to the court an answer to the bill, and this cause was thereupon continued until November 5." On said date, November 5, the parties appeared and appellant presented to the court his answer. The court gave appellee's counsel until November 7 to examine the same. On the last named date the parties again appeared before the court, and counsel for appellant stated to the court that he had prepared another answer, which he would substitute for the one presented November 5 if the court would permit, and thereupon presented said answer in lieu of the former one. No order was then made allowing the answer to be filed but consideration of appellant's motion for leave to file it was continued until November 15, 1906, when the court announced he would allow appellant to file the answer upon condition that he pay to the complainant his solicitor's fees, in the sum of twenty-five dollars, within twenty-four hours. This appellant failed and refused to do, and on November 19 the court denied his motion for leave to file his answer, defaulted appellant and entered a decree against him *pro confesso.* From that decree this appeal is prosecuted.

We are of opinion the correctness of the court's rulings in sustaining exceptions to and striking the answers from the files is not presented for our determination. Counsel for appellant contends that the sufficiency of the answers stricken from the files could only have properly been disposed of upon exceptions. Upon the making of the motion by appellee to strike the first answer from the files, which was not sworn to, appellant, in effect, confessed the motion by asking and obtaining leave to file a sworn answer instanter, before the court had ruled on the motion to strike the answer from the files. To the answer thus filed by leave of the court exceptions were filed by appellee and sustained and leave given appellant to file a further answer within

ten days. This rule expired October 9, and on that day appellant filed another answer, not sworn to by him, which appellee moved to strike from the files. This motion came up before the court for consideration October 13, and before the court had ruled on the motion appellant's counsel stated that he had already filed a sworn answer in lieu of the one appellee was asking to have stricken from the files. This was a confession of the motion. But even if appellant had not confessed the motion, no error was committed by the court in striking the unsworn answer of October 9 from the files. The same question had been before the court previously and the insufficiency of an unsworn answer confessed by the appellant when a similar motion was made. Under such circumstances appellee was not required to except to the sufficiency of the answer of October 9. The answer of October 13 was filed after the rule had expired, without any leave of court, and no error was committed in striking it from the files. Where an answer does not sufficiently meet the charges and allegations in the bill, or where it contains scandalous or impertinent matter, the proper practice is to raise these questions by exceptions. (*Stone* v. *Moore, 26* Ill. 165.) But the circumstances under which the court acted in this case justified the orders made, without requiring the objections to be raised by exceptions to the answers.

We are of opinion, however, that the court had not the authority, as a condition precedent to filing the answer presented November 7, to require appellant to pay appellee a solicitor's fee. Section 23 of chapter 22, Hurd's Statutes of 1905, requires a defendant in chancery not pleading or demurring to a bill, to "answer fully all the allegations and interrogatories of the complainant, whether an answer on oath is waived or not." By section 24 it is provided that where an answer is adjudged insufficient the defendant shall, within such time as is allowed by the court, file a further answer. If he fails to file such further answer then the bill

is to be taken as confessed. If such defendant files a further answer and it is adjudged insufficient, then such defendant may file a supplemental answer "and pay all costs attendant thereon." If the supplemental answer is held insufficient the defendant may be proceeded against for contempt. We find no authority in the statute relating to chancery practice in this State, nor in any adjudicated case, that would authorize requiring a defendant who had failed or refused to file a sufficient or proper answer to pay the complainant a solicitor's fee. He may be required to pay costs or he may be proceeded against for contempt, but the exercise of these powers by the court is intended as a punishment to the defendant and not as compensation to the plaintiff. We see no excuse or justification whatever for the delay in filing a sufficient and proper answer to the bill in this case. The bill was not complicated and the preparation of an answer to it was a simple matter. Apparently appellant was not attempting to file a proper and sufficient answer so that the case might be brought to an issue. That would make it a very proper case for the court to require the payment of costs as a condition precedent to filing an answer, or it may have been that the circumstances were such as would have justified the court in punishing the appellant for contempt. The power to require the payment of costs or punish for contempt was conferred upon the court by the statute for the purpose of enabling the court to prevent delay in bringing the case to an issue by dilatory tactics, such as filing improper and insufficient answers. These powers are sufficiently ample to enable the court to require proper and sufficient answers to bills in chancery so that the case may be brought to an issue without unnecessary delay.

For the error in ordering appellant to pay appellee a solicitor's fee as a condition precedent to filing an answer the decree is reversed and the cause remanded.

*Reversed and remanded.*