(No. 13561.—Reversed and remanded.)
GEORGE PASFIELD et al. Appellees, vs. CHARLES T. BAU-
MANN, Mayor, et al. Appellants.

*Opinion filed April 21, 1921.*

EQUITY—*decree entered without requiring further answer after
sustaining exceptions is premature.* Where exceptions are sus-
tained to an answer section 24 of the Chancery act requires that
the defendant shall answer further as to that part of the answer
to which the exceptions are sustained, and a decree entered on al-
lowing exceptions without ruling the defendant to further answer
is premature.

APPEAL from the Circuit Court of Sangamon county;
the Hon. E. S. SMITH, Judge, presiding.

A. D. STEVENS, GRAY HERNDON, JOHN G. FRIEDMEYER,
and HARRY P. WEBER, for appellants.

C. H. JENKINS, and HENRY A. CONVERSE, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees filed their bill in the circuit court of Sanga-
mon county to restrain the city of Springfield and its of-
ficials from issuing and selling its bonds to meet the cost
of constructing an enlarged municipal electric light and
power plant. The amended bill charged certain defects
in the ordinance passed by the city council of the city of
Springfield and charged that the ordinance is void because
based upon an act of the legislature known as the Municipal
Ownership act, which, it is averred, is unconstitutional and
void. The bill also alleged that the proposed bond issue
would create an indebtedness of the city in excess of its
constitutional limit. The answer as amended denies the
averments with reference to the validity of the ordinance
contained in the bill and amended bill and denies that the
proposed bond issue would create an indebtedness in excess

of the constitutional limit; alleges bad faith on the part
of complainants; sets forth the passage of the ordinance
of April 19, 1920, and avers that the city does not propose
to issue the bonds until the city council shall provide for
the execution, negotiation and sale of such bonds and for
the levy of a tax to pay for the same. Complainants filed
exceptions, alleging that the answer was insufficient, imper-
tinent and raised questions of law and did not answer the
bill. The chancellor sustained these exceptions to the an-
swer and amended answer, and thereupon, without further
pleadings on the part of either party or a rule on defend-
ants to further answer, entered a decree awarding the in-
junction. This decree finds that the amended bill of com-
plaint states a cause of action; that the answer and amended
answer admit all the material allegations of the amended
bill "except as traversed;" that so far as the answers raised
questions of fact by traverse, said questions of fact are not
now material to the decision of the case; that the excep-
tions of the complainants to the answers of the defendants
go to the materiality and sufficiency of the answers and
raise the question whether the answers present a defense to
complainants' amended bill of complaint. The decree there-
upon finds that the complainants are entitled to the relief
prayed and that the answer and amended answer state no
defense, and awards the injunction. The case comes to
this court on appeal from this decree.

The assignments of error are as to the ruling of the
chancellor in sustaining the exceptions to the answers; that
the decree entered by the trial court was premature, as sec-
tion 24 of the Chancery act precludes the entry of a final
decree upon disposition of the exceptions; and that the de-
cree was erroneous.

It is evident from an examination of the decree that it
was entered upon the effect of the pleadings. Section 24
of the Chancery act provides that when an answer shall
be adjudged insufficient the defendant shall file further an-

swer within such time as the court shall direct and on failure thereof the bill shall be taken as confessed, and if such further answer shall be likewise adjudged insufficient the defendant shall file a supplemental answer and pay all costs thereon. Here there was no rule entered against the defendants to answer after sustaining the exceptions to the answer and amended answer, and the Chancery act does not authorize the entry of a decree prior to a rule on defendants to make further answer.

Counsel for appellees urge that notwithstanding such error the cause should be decided on its merits. Such a course is desirable where it can be done without violating imperative language of the statute or established rules of law. We, however, can look only to the record as made by the parties. (*Farmer* v. *Fowler,* 288 Ill. 494.) The question involved in the case as made by the record raises a question of chancery practice. It has long been the rule in this State that a decree entered on allowing exceptions to an answer without ruling the defendant to further answer is premature. This identical question arose in *Holly* v. *Powell,* 63 Ill. 139, where it is said: "The statute is imperative. If an answer is adjudged insufficient on exceptions filed, the defendant must be ruled to answer further before the cause can be set down for a hearing." It is in that case held, under facts almost identical with those in the instant case, that the decree was premature. This rule is not without its reason, based on principles of justice. A defendant may have a defense which has not been well put, thereby causing exceptions filed to his answer to be sustained, and to hold that a chancellor has authority, under the law, to enter a decree on sustaining exceptions, without further rule on the defendant to answer, would be to deprive such defendant of his right to be heard. Nor does this rule cause indefinite delay in bringing chancery cases to an issue. The rule to answer is to answer to the part to which exceptions are sustained, and section 24 of the

Chancery act provides that where there is a failure to do this the defendant may be proceeded against for contempt.

For error on the part of the chancellor in entering the decree prematurely the same is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*