OPINION OF THE COURT
Edward H. Lehner, J.
Before me is a motion by defendants to dismiss, pursuant to CPLR 3211 (a) (3), a purported derivative action on behalf of the Downtown Athletic Club (the Club) on the grounds that (i) plaintiff David Segal does not have standing to commence this action, and (ii) the complaint does not allege an adequate demand upon the Board of Governors of the Club (the Board) to institute the action.
The Amended Complaint
The amended complaint asserts that the individual defendants, who are six former presidents of the Club, wasted millions of dollars of Club assets resulting in damages of over $45,000,000.
While in the original complaint there was no allegation of a demand that the Board institute action to recover the alleged damages, in the amended complaint the following is alleged:
“That the plaintiffs have asked peter junge, the President of the [Club], to obtain authorization from the Board of Governors to initiate the within action and this request has been denied.
“That the reasons for the refusal of the President to initiate this action is believed to be founded upon the following: the defendant, peter lameos, is the President’s law partner; the defendant, william blum, is presently on the Board of Governors; and the defendant, frank powers is a partner of the treasurer,
JAY NADEL.
“That due to the refusal of the President to secure Board óf Governors [szc] approval and the refusal of the President and Board of Governors to take appropriate action for its benefit this action has been initiated by the plaintiffs.”
As to the names of the plaintiffs constituting the plaintiff class, it was noted on a prior motion to dismiss the original complaint that plaintiff Segal failed to name any other member of the Club as a plaintiff. Although defendants asserted on such motion (which was mooted by service of the amended complaint) that the failure to name the number of individuals required by Not-For-Profit Corporation Law § 623 in order to *59 institute a derivative action required dismissal, the amended complaint made no changes in this regard. It alleges that plaintiffs “were and continue to be members of record of the [Club] and in number constitute at least 5% of the total voting membership of 835”. Segal maintains that at the pleading stage this is sufficient to satisfy the standing requirement.
Discussion
The Club, as a not-for-profit corporation, is subject to the provisions of the Not-For-Profit Corporation Law, section 623 of which provides, in part:
“(a) An action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor by five percent or more of any class of members * * *
“(b) In any such action, it shall be made to appear that each plaintiff is such a member * * * at the time of bringing the action.
“(c) In any such action, the complaint shall set forth with particularity the efforts of the plaintiff or plaintiffs to secure the initiation of such action by the board [or] the reason for not making such effort.”
While Segal alleges that he represents more than 5% of the members of the Club, I find that his bald allegation of representation is insufficient and that his failure to name in his pleading the persons who he asserts constitute 5% of the members of the Club warrants dismissal of the action.
While no case has been found that specifies at what stage of the litigation the 5% requirement of section 623 must be shown, cases in other areas of the law have held that standing should be determined at the beginning of litigation. “Whether a person seeking relief is a proper party to request an adjudication is an aspect of justiciability which must be considered at the outset of any litigation.” (Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9 [1975].) “Standing is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria”. (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991].)
The purpose of the 5% standing requirement is to prevent a not-for-profit corporation from having to incur legal expenses in defending litigation when there is not a showing that “at the time of bringing the action” (Not-For-Profit Corporation Law § 623 [b]) that there exists that minimum number of members *60 supporting the suit. This is contrasted to section 626 of the Business Corporation Law, which sets forth no minium number of shareholders necessary to commence a derivative action, although section 627 thereof does authorize the subject corporation to demand a deposit for security for expenses if a minium representation is not demonstrated.
Here, since Segal has failed to adequately allege that he represents a sufficient number of members to entitle him to commence this action, the motion to dismiss is granted on the issue of standing.
Moreover, even if the 5% standing requirement had been satisfied, the motion to dismiss would still be granted as the complaint fails to “set forth with particularity the efforts of the plaintiff or plaintiffs to secure the initiation of such action by the board [or] the reason for not making such effort” (Not-For-Profit Corporation Law § 623 [c]). All the complaint alleges is that the plaintiffs (who are unnamed) asked the current president (not a defendant) “to obtain authorization from the Board of Governors to initiate the within action and this request has been denied”. Thus, what is alleged is that the president failed to present the issue to the Board, not that the Board considered the demand of plaintiffs and rejected it. The allegation as to why the president refused “to initiate” action by the Board is that one of the defendants is on the Board, one of the defendants is a law partner of the current president, and that one defendant is a partner of the Club’s treasurer.
The papers show that the Board consists of 22 members, only one of whom is a defendant (by reason of being a past president). There is no allegation of wrongdoing against any of the other 21 members, nor any showing that a demand to the Board would be futile.
Accordingly, since plaintiff has failed to allege a demand upon the Board to institute this action, or allege an adequate excuse for not making a demand, the complaint is dismissible for failure to satisfy the pleading requirements of section 623 (c).
For the reasons aforesaid, defendants’ motion is granted and the clerk shall enter judgment dismissing the complaint.