# Illinois Official Reports

## Appellate Court

*Umrani v. Sindhi Ass'n of North America*, 2021 IL App (1st) 200219

| | |
|---|---|
| Appellate Court Caption | ARSHAD UMRANI, an Individual; MUNWAR JATOI, an Individual; and SINDHI ASSOCIATION OF NORTH AMERICA, a New York Nonprofit, Plaintiffs-Appellants, v. SINDHI ASSOCIATION OF NORTH AMERICA, a New York Nonprofit; JAMIL DAUDI, an Individual: AIJAZ KOLACHI, an Individual; NOOR-U-NISA GHANGHRO, an Individual; IRSHAD KAZI, an Individual; ZULFIQAR SHAIKH, an Individual; AIJAZUL HAQUE, an Individual; SAFDAR PANHWAR, an Individual; MANSOOR SAMOO, an Individual; KHALID CHANA, an Individual; AWAIS LAGHARI, an Individual; KHALIL MEMON, an Individual; AIJAZ H. TURK, an Individual; and VALEED SHAIKH, an Individual, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>No. 1-20-0219 |
| Filed | September 16, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-18874; the Hon. Sophia H. Hall, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas J. Nitschke, of Blaise & Nitschke, P.C., of Chicago, for appellants. |

Lawrence S. Gosewisch and Richard C. Harris, of Adler Murphy & McQuillen LLP, of Chicago, for appellees.

Panel          PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.
Justices Gordon and Martin concurred in the judgment and opinion.[*]

## OPINION

¶ 1      Plaintiffs Arshad Umrani, Munwar Jatoi, and the Sindhi Association of North America (SANA), appeal an order of the circuit court of Cook County granting a motion to dismiss filed on behalf of SANA, Jamil Daudi, Aijaz Kolachi, Noor-u-nisa Ghanghro, Irshad Kazi, Zulfiqar Shaikh (Shaikh), Aijazul Haque, Safdar Panhwar, Mansoor Samoo, Khalid Chana, Awais Laghari, Khalil Memon, Aijaz H. Turk, and Valeed Shaikh (Valeed) (collectively, defendants). The circuit court dismissed the amended complaint on two bases: (1) lack of standing as to all of the defendants and (2) lack of personal jurisdiction over all but one defendant, Memon (a Cook County resident). On appeal, plaintiffs maintain that the circuit court erred in dismissing the amended complaint for lack of standing as to certain defendants as they waived any lack of standing defense by failing to raise it in their respective answers. Plaintiffs further contend that the circuit court has personal jurisdiction over all of the defendants and therefore dismissal on that basis was also improper. For the reasons that follow, we affirm.

¶ 2                                    BACKGROUND
¶ 3      On November 21, 2014, plaintiffs Umrani and Jatoi brought a derivative action in the name of SANA, a not-for-profit corporation organized under New York state law. SANA is a society of individuals living in North America who are of Sindhi descent. The defendants reside in various areas throughout the United States and Canada; only Memon is a resident of Cook County.

¶ 4      The operative amended complaint, filed on May 26, 2015, alleged there were efforts by certain SANA officeholders to maintain power within SANA by interfering with the association's election process and attempting to circumvent the bylaws of the association both during and after a SANA convention held in Chicago. The operative complaint further alleged that SANA executive council members (Daudi, Ghanghro, Kazi, Haque, and Memon) and other SANA officeholders (Kolachi, Panhwar, Samoo, Chana, Shaikh, Laghari, Turk, and Valeed) breached their fiduciary duties of care, loyalty, and obedience; committed fraud; and spoliated evidence. While plaintiffs alleged in portions of their complaint that all of the defendants engaged in the same misconduct, they also alleged specific misconduct committed by each individual defendant. In their complaint, plaintiffs also distinguished between acts committed by defendants who were members of the executive council and acts committed by

[*]As of the date of filing, Justice Gordon is a member of the Third Division of the Illinois Appellate Court, First District.

- 2 -

all defendants. These allegations of misconduct, however, are not relevant to the issues on appeal.

¶ 5        Pertinent to this appeal, defendants were originally represented individually by two different attorneys. Certain defendants filed a motion to dismiss and the other defendants, however, failed to file their own motion or join in the filed motion to dismiss. The circuit court granted the motion to dismiss based on lack of personal jurisdiction; however, the circuit court observed that the motion did not address all of the defendants and directed the parties to specify in the draft order which defendants were to be included in the order. No such order was ever drafted and instead the order states that "defendants' " motion to dismiss was granted and did not identify the defendants individually.

¶ 6        Plaintiffs appealed the circuit court's ruling on the motion to dismiss. We dismissed the matter for lack of jurisdiction as the circuit court's ruling was not a final judgment and as it also did not dispose of all of the defendants to the appeal. *Umrani v. Sindhi Ass'n of North America*, 2018 IL App (1st) 162081-U, ¶ 13.

¶ 7        On remand, a single attorney was granted leave to file an appearance on behalf of all of the defendants. Defendants then filed a motion to dismiss arguing (1) plaintiffs lacked standing to bring a derivative lawsuit under the New York Not-For-Profit Corporation Law (Not-For-Profit Law) (N.Y. Not-For-Profit Corp. Law § 720 (McKinney 2017)) and (2) the court lacked personal jurisdiction over them. In response, plaintiffs maintained that certain defendants who answered the complaint failed to raise standing as an affirmative defense and therefore waived the issue of standing. Plaintiffs further asserted that the court had personal jurisdiction over each of the defendants due to their minimum contacts with the state.

¶ 8        The circuit court held a hearing on the motion to dismiss; however, no transcript of the hearing is included in the record on appeal. After considering the arguments of the parties, the circuit court granted defendants' motion to dismiss for lack of standing and, in the alternative, for lack of personal jurisdiction over each of the defendants except Memon, a resident of Cook County. This appeal followed.

¶ 9                                    ANALYSIS
¶ 10                                    Jurisdiction
¶ 11        Prior to addressing plaintiffs' claims on appeal, we address our jurisdiction. Defendants maintain that we lack jurisdiction to consider plaintiffs' argument that certain defendants waived standing where the issue of standing was not expressly raised in the notice of appeal.

¶ 12        The notice of appeal serves the dual purpose of vesting the reviewing court with jurisdiction and informing the prevailing party that the unsuccessful litigant seeks review by a higher court. *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 188 (1991). Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from." We construe notices of appeal liberally. *In re Desiree O.*, 381 Ill. App. 3d 854, 863 (2008). For example, if an order not listed in the notice of appeal was a step in the procedural progression of the case, it may be reviewed as it can be said to relate to the judgment specified in the notice of appeal. *Neiman v. Economy Preferred Insurance Co.*, 357 Ill. App. 3d 786, 790-91 (2005).

¶ 13        Here, plaintiffs stated in the notice of appeal that they were appealing from the circuit court's January 3, 2020, order dismissing the amended complaint. They also indicated in the

section entitled "Relief sought from Reviewing Court" to "[r]everse the grant of dismissal to all Defendants for lack of personal jurisdiction and remand for further proceedings or a trial on the merits." Thus, while plaintiffs specified the issue of lack of jurisdiction, the notice of appeal itself indicated it was appealing from the order of January 3, 2020, which listed two bases for the dismissal, one being lack of standing. Construing the notice of appeal liberally, we find it to be sufficient to enable our review. See *In re Marriage of Drewitch*, 263 Ill. App. 3d 1088, 1092 (1994) ("The purpose of a notice of appeal is not to specify the exact points to be relied upon for reversal, but simply to inform a party who has received a favorable judgment that the opposing party desires review of the case."). Moreover, in order for plaintiffs to obtain the relief sought (*i.e.*, reversal of the dismissal order and a remand for further proceedings), they would also have to challenge the alternative basis on which the circuit court dismissed the complaint, that being standing. Accordingly, we conclude we have jurisdiction to review the order denying the motion to dismiss in its entirety.

¶ 14                                Lack of Standing

¶ 15     As discussed, the circuit court dismissed the complaint under two different bases. First, it dismissed the amended complaint in its entirety with prejudice due to plaintiffs' lack of standing. In the alternative, the circuit court dismissed the amended complaint as it lacked personal jurisdiction over all but one defendant, Memon, a Cook County resident. For the following reasons, we agree with the circuit court's first basis for dismissal and find that plaintiffs lack standing to bring their causes of action. See *Mullins v. Evans*, 2021 IL App (1st) 191962, ¶ 25 ("We may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct.").

¶ 16                                *Standard of Review*

¶ 17     The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995). Section 2-619 of the Code of Civil Procedure (Code) provides that a "[d]efendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds." 735 ILCS 5/2-619(a) (West 2020). While a motion to dismiss pursuant to section 2-619(a)(9) admits the legal sufficiency of the complaint, it raises affirmative matters either internal or external from the complaint that would defeat the cause of action. *Id.* § 2-619(a)(9). An "affirmative matter" is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). The affirmative matter must either appear on the face of the complaint or be supported by affidavits or other evidentiary materials of record. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 377 (2003).

¶ 18     The question at issue here is one of standing, which may be raised under subsection (a)(9), "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 2-619(a)(9) (West 2020). "Illinois courts have repeatedly held that a lack of standing is the proper subject of a section 2-619 motion." *Trzop v. Hudson*, 2015 IL App (1st) 150419, ¶ 62 (citing *Glisson*, 188 Ill. 2d at 220). "When a court rules on a section 2-619 motion to dismiss, it 'must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party.' " *Van Meter*, 207 Ill. 2d at 367-

68 (quoting *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997)). Once a defendant meets this burden, the plaintiff's right to recover is barred. See *id.* at 370. We review appeals from dismissals pursuant to section 2-619(a)(9) of the Code *de novo. Griffith v. Wilmette Harbor Ass'n*, 378 Ill. App. 3d 173, 180 (2007).

¶ 19                                                      *Waiver*

¶ 20     Prior to addressing the propriety of the circuit court's dismissal of the amended complaint, we will consider plaintiffs' argument that certain defendants waived their lack of standing defense by filing an answer to the original complaint.[1] Plaintiffs observe that, in cases involving the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1501 *et seq.* (West 2020)), the failure to raise standing as an affirmative defense when filing an answer waives a claim of lack of standing. See *U.S. Bank, N.A. v. Kosterman*, 2015 IL App (1st) 133627, ¶ 10; *Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656, ¶ 34. As these certain defendants filed answers and did not raise the issue of standing, plaintiffs maintain this court should reverse the dismissal order.

¶ 21     Defendants disagree that answers were filed and maintain that the documents to which plaintiffs are referring are merely appearances they individually filed. Defendants describe these documents, which were filed with the circuit court, as letters in which Kazi, Daudi, Ghanghro, and Haque stated they were represented by counsel and set forth a general denial of the allegations of the complaint. Regardless, defendants contend that they timely raised the issue of standing in their motion to dismiss and therefore it was not waived.

¶ 22     For a section 2-619 motion to be properly brought, it must not only concern a listed ground, but it must also be filed "within the time for pleading." 735 ILCS 5/2-619(a) (West 2020). "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." *Van Meter*, 207 Ill. 2d at 367; *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 30 (the purpose of section 2-619 is to "provide litigants with a method of disposing of issues of law and easily proved issues of fact—*relating to the affirmative matter*—early in the litigation" (emphasis in original)). Section 2-619 permits defendants to raise an "affirmative matter," such as standing, either in a section 2-619 motion " 'within the time for pleading' " or in their answer as an affirmative defense or in both a motion and the answer. *Trzop*, 2015 IL App (1st) 150419, ¶ 68 (quoting 735 ILCS 5/2-619 (West 2014)). Further, a motion to dismiss is distinct from an answer. Filing a motion to dismiss does not preclude later filing an answer, and filing an answer does not preclude later filing a section 2-619 motion to dismiss. *Dever v. Simmons*, 292 Ill. App. 3d 70, 74 (1997); *Outlaw v. O'Leary*, 161 Ill. App. 3d 218, 220 (1987).

¶ 23     We agree with defendants that the documents plaintiffs refer to as "answers" do not qualify as such. As was long-ago established by our supreme court, an answer

> "has, in general, a two-fold property. First, meeting the allegations of the bill, and second, a statement to the court of the nature of the defense on which the defendant means to rely; and in this respect the answer fulfills the duty of a plea, or a series of pleas, either denying facts upon which the plaintiff's equity, as stated in the bill, arises,

---

[1]We note that plaintiffs contend defendants SANA, Memon, Kazi, Daudi, Ghanghro, and Haque answered the complaint; however, the record does not include answers from SANA or Memon. Accordingly, we only address whether Kazi, Daudi, Ghanghro, and Haque answered the complaint.

or by confessing such facts, and avoiding them by the introduction of some new matter, from which contrary inferences may be drawn." *Stone v. Moore*, 26 Ill. 165, 171-72 (1861).

Our review of the record demonstrates that these letters have none of these characteristics. See *id.* These are generic letters written by Kazi, Daudi, Ghanghro, and Haque to the clerk of the circuit court and do not include "an explicit admission or denial of each allegation of the pleading to which it relates" as required by the Code. 735 ILCS 5/2-610(a) (West 2020). Additionally, while two of these documents were notarized, none were verified or contained any indication that they were certified or made under oath. See *id.* § 1-109. Thus, the documents plaintiffs refer to as "answers" do not qualify as such, and it follows that these defendants did not waive the issue of standing where they timely alleged plaintiffs' lack of standing in their motion to dismiss.

¶ 24    This determination is also supported by the record in this case. We first note that an attorney for Kazi, Daudi, Ghanghro, and Haque filed his appearance on April 17, 2015, along with a motion for extension of time to file an answer or otherwise plead. In that motion, counsel indicated that these defendants had not been held in default and requested 28 days to answer or otherwise plead. Thus, counsel did not view these letters as proper "answers" under the Code. Second, plaintiffs themselves filed two motions for default judgment (on May 4, 2015, and again on August 19, 2015) against Kazi, Daudi, Ghanghro, and Haque. In their first motion for default judgment plaintiffs asserted that Kazi, Daudi, Ghanghro, and Haque have appeared "but have not responded to Plaintiffs' complaint." Plaintiffs also acknowledged that "[m]ore than thirty (30) days has passed since service of process was made upon [them] and no answer, nor any response has been made by [them]." In their second motion for default judgment, plaintiffs again indicated no answer had been filed and noted that these defendants, without requesting an extension of time, filed their motion to dismiss one day late. It is blatantly inconsistent for plaintiffs to take the position that no answers had been filed and request the circuit court enter a default judgment and then argue—five years later—that these defendants waived the defense of standing by not including the affirmative defense in these so-called "answers."

¶ 25    In reaching this conclusion we have considered the mortgage foreclosure cases cited by plaintiffs and find them to be distinguishable from this case. In *Kosterman*, the defendant raised the issue of standing as an affirmative defense in his answer. *Kosterman*, 2015 IL App (1st) 133627, ¶ 8. In contrast, defendants here raised the issue of standing in a motion to dismiss pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)). And while the *Kosterman* court did state "that the assertion of lack of standing in a foreclosure action is an affirmative defense that not only can be raised in an answer, but must be, or else it is waived," the cases relied upon to support that assertion do not go as far. *Kosterman*, 2015 IL App (1st) 133627, ¶ 10 (citing *U.S. Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 34). Indeed, in *Avdic* the court stated, "Alleging lack of standing is an affirmative defense in a civil case, which a defendant waives 'if not raised in a timely fashion in the trial court.' " *Avdic*, 2014 IL App (1st) 121759, ¶ 34 (quoting *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988)). This statement cannot be interpreted to limit the assertion of an affirmative defense solely to the four corners of an answer as plaintiffs suggest.

¶ 26    *Iordanov* is similarly inapplicable. In *Iordanov*, this court found the defendant waived the affirmative defense of lack of standing as he (1) failed to raise it in either of his answers,

(2) participated in the proceedings and received a benefit therefrom, and (3) did not raise the plaintiff's lack of standing to foreclose until he presented that argument in his response to the motion to confirm the sale. *Iordanov*, 2016 IL App (1st) 152656, ¶ 40. We note that the confirmation of the sale in a mortgage foreclosure proceeding is the final step in the mortgage foreclosure process. See 735 ILCS 5/15-1508 (West 2020). This comes after the defendant has been found in default of the mortgage and the property has been sold at a sale. In comparison, defendants here raised the issue of standing at the beginning—not the end—of the lawsuit in their motion to dismiss. They did not wait to raise the issue of standing until they were deep in the litigation proceedings as did the *Iordanov* defendant.

¶ 27 Having found defendants timely raised the issue of standing in the motion to dismiss, we turn to consider the main claim on appeal, whether the circuit court properly dismissed the operative complaint.

¶ 28                                        *Standing*

¶ 29 We initially observe that other than arguing certain defendants waived the standing defense by failing to raise it in their "answers," plaintiffs posit no argument as to why the circuit court's ruling on the standing issue was error. In their response brief, defendants maintain that that plaintiffs' failure to argue this aspect of the circuit court's ruling on appeal means that plaintiffs have abandoned and forfeited this argument. Forfeiture aside, defendants assert the circuit court correctly dismissed the operative complaint for lack of standing as members of SANA (a New York not-for-profit) cannot bring a derivative action on behalf of the corporate body unless he or she (1) contributed $1000 or more and (2) the certificate of incorporation or bylaws provide that such contributors have standing. N.Y. Not-For-Profit Corp. Law § 720(b)(4) (McKinney 2017). If a member does not have standing under section 720(b)(4), then he or she can only bring a suit under section 623 of the Not-For-Profit Law, which requires 5% of the membership to join in the lawsuit. *Id.* §§ 623(a), 720(b)(3). Plaintiffs contend that defendants cannot satisfy these requirements and therefore the circuit court correctly dismissed the suit for lack of standing.

¶ 30 Although plaintiffs filed a motion for an extension of time to file a reply (which this court granted), they ultimately declined to file a reply brief. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides in part that the argument section of the appellant's brief "shall contain the *contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on*." (Emphasis added.) Rule 341(h)(7) also provides that "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *Id.* Accordingly, the issue of whether the circuit court correctly found the plaintiffs lacked standing to bring the lawsuit has been forfeited.

¶ 31 Forfeiture aside, we find that the lawsuit was properly dismissed under section 2-619(a)(9) where plaintiffs lacked standing to bring this derivative action. As noted above, SANA is organized under New York law. That state has a statute that allows members of a not-for-profit corporation to bring a derivative action in the name of the corporation.[2] Section 720(b) of the Not-for-Profit Law provides that a derivative action may be brought in the right of the corporation by any of the following:

_____

[2]During the course of litigation, the parties never disputed that New York law applies in this instance.

"(1) A director or officer of the corporation.

(2) A receiver, trustee in bankruptcy, or judgment creditor thereof.

(3) Under section 623 (Members' derivative action brought in the right of the corporation to procure a judgment in its favor), by one or more of the members thereof.

(4) If the certificate of incorporation or the by-laws so provide, and any holder of a subvention certificate or any other contributor to the corporation of cash or property of the value of $1,000 or more." N.Y. Not-For-Profit Corp. Law § 720(b) (McKinney 2017).

The pertinent portion of section 623(a) of the Not-For-Profit Law states that "[a]n action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor by five percent or more of any class of members." *Id.* § 623(a). Thus, in order for a member of a not-for-profit corporation to establish standing to bring a derivative action on behalf of the corporate body, it must be established that either (1) he or she contributed $1000 or more and the certificate of incorporation or bylaws provide that such contributors have standing *or* (2) the suit be "brought *** by five percent or more of any class of members." *Id.* §§ 720(b)(4), 623(a).

¶ 32    We first consider whether section 720(b) applies in this case. Included in the record as part of the exhibits to the numerous motions to dismiss were the SANA bylaws. Upon consideration of the bylaws it is evident that there is no provision that allows members who have contributed $1000 or more to have standing to bring a lawsuit. Accordingly, plaintiffs cannot establish standing under section 720(b) of the Not-For-Profit Law. See *id.* § 720(b).

¶ 33    Regarding standing under section 623(a) of the Not-For-Profit Law, it is also apparent from the record that 5% of SANA membership has not joined in this lawsuit. Only two SANA members are named as plaintiffs, and the amended complaint alleges that between August 15, 2014, and September 15, 2014, the total membership of SANA expanded from 620 members to 1300 members. Taking as true the well-pled facts in the amended complaint—as we must—5% of 620 members is 31 members and 5% of 1300 members is 65 members. Therefore, even taking the smaller number of members as the total, the two individual members joined in this action do not reach the 5% needed to satisfy the standing requirements of section 623(a). See *id.* § 623. Accordingly, plaintiffs cannot establish standing under this section either.

¶ 34    In reaching this conclusion, we find a New York state decision, *Segal v. Powers*, 687 N.Y.S.2d 589 (Sup. Ct. 1999), to be persuasive. See *Allstate Insurance Co. v. Lane*, 345 Ill. App. 3d 547, 552 (2003) (in the absence of Illinois authority on the point of law in question the reviewing court may look to other jurisdictions for persuasive authority). In that case, a derivative action was brought on behalf of the Downtown Athletic Club on the grounds that six former presidents of the Downtown Athletic Club wasted millions of dollars of assets resulting in damages of over $45 million. *Segal*, 687 N.Y.S.2d at 590. The defendants filed a motion to dismiss in which they argued that the plaintiff (a single individual) did not have standing under the Not-For-Profit Law despite having alleged in his complaint that "plaintiffs 'were and continue to be members of record of the [Club] and in number constitute at least 5% of the total voting membership of 835.' " *Id.* In granting the defendants' motion to dismiss, the court found that while the plaintiff alleged that he represented more than 5% of the members of the Downtown Athletic Club, such an allegation was insufficient as standing should be determined at the beginning of the litigation. Relying on New York state case law, the court stated,

- 8 -

" 'Whether a person seeking relief is a proper party to request an adjudication is an aspect of justiciability which must be considered at the outset of any litigation.' [Citation.] 'Standing is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria.' [Citation.]" *Id.* at 591 (quoting *Dairylea Cooperative, Inc. v. Walkley*, 339 N.E.2d 865, 867 (N.Y. 1975); *Society of the Plastics Industry, Inc. v. County of Suffolk*, 573 N.E.2d 1034, 1038 (N.Y. 1991)).

The court further found that "[t]he purpose of the 5% standing requirement [of the Not-For-Profit Law] is to prevent a not-for-profit corporation from having to incur legal expenses in defending litigation when there is not a showing that 'at the time of bringing the action' [citation] that there exists that minimum number of members supporting the suit." *Id.* (quoting N.Y. Not-For-Profit Corp. Law § 623(b) (McKinney 1999)).

¶ 35    While in Illinois, a plaintiff need not allege facts establishing that he has standing to proceed (see *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004)); as *Segal* suggests, we cannot ignore the text of the Not-For-Profit Law, as it is what creates this derivative cause of action. Under section 623, an action may be brought in the right of a corporation to procure a judgment in its favor by 5% or more of any class of members. N.Y. Not-For-Profit Corp. Law § 623(a) (McKinney 2017). The statute goes on to require that, "[i]n any such action, it *shall* be made to appear that each plaintiff is such a member *** *at the time of bringing the action*." (Emphases added.) *Id.* § 623(b). Likewise, the legislative commentary to the statute states that "[n]o derivative action can be brought under this section unless *the plaintiffs in such action consist of* at least 5% of any class of members." (Emphasis added.) *Id.* § 623 cmt. a. Thus, under the language of the statute, the number of plaintiff-members must be equal or greater than 5% of the total membership at the time the lawsuit was brought. See *id.* § 623(a). In this case, only two individual members were named in the operative complaint. Two individual members are not equivalent to 5% of the membership of SANA. Therefore, plaintiffs lack standing and the circuit court correctly dismissed the cause of action under section 2-619(a)(9) of the Code. See *Schaefer v. Chautauqua Escapes Ass'n*, 71 N.Y.S.3d 244, 246 (App. Div. 2018) (upholding the dismissal of the plaintiffs' derivative action where it was not brought by at least 5% of the members); *Clark v. Trois*, 801 N.Y.S.2d 330, 331 (App. Div. 2005) (same).

¶ 36                                     CONCLUSION
¶ 37    For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

¶ 38    Affirmed.